UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MEDICINE, P.C.,

    Plaintiff,

                                    Case No. 24-cv-12713
v.                                   Hon. Matthew F. Leitman

SECRETARY OF THE U.S. DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

    Defendant.

_____/

**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 25), (2) VACATING AND SETTING ASIDE FINAL JUDGMENT (ECF No. 23), (3) REINSTATING CASE TO ACTIVE DOCKET, AND (4) DENYING PLAINTIFF'S MOTION FOR A CERTIFICATE OF APPEALABILITY (ECF No. 26)**

Plaintiff General Medicine, P.C. provides healthcare services to patients enrolled in Medicare. In 2010, a Medicare contractor determined that the Medicare program had overpaid General Medicine by over $800,000.00 for services that General Medicine provided to Medicare patients in Louisiana. General Medicine then challenged that overpayment determination before an Administrative Law Judge (the "ALJ"). The ALJ agreed with the contractor's conclusion that General Medicine had been overpaid on some claims and disagreed with the contractor's conclusion that General Medicine had been overpaid on others. In this action,

1

General Medicine asserts that the ALJ made both factual and legal errors in the portions of his decision that were adverse to General Medicine.

In June and July of 2025, General Medicine and the Secretary for the Department of Health and Human Services filed cross-motions for summary judgment with respect to General Medicine's assertion that the ALJ made several legal errors when he concluded that General Medicine had been overpaid on some of its claims. (*See* Mots., ECF Nos. 14, 16.)  The Court issued a written decision granting the Secretary's motion and denying General Medicine's motion on February 17, 2026. (*See* Order, ECF No. 22.)  It entered a judgment in favor of the Secretary and against General Medicine and closed the case for administrative purposes on that same day. (*See* Judgment, ECF No. 23.)

Now pending before the Court are two motions filed by General Medicine. First, General Medicine seeks reconsideration of the Court's entry of judgment (the "Motion for Reconsideration").  (*See* Mot., ECF No. 25.)  In the Motion for Reconsideration, General Medicine argues that the Court's entry of judgment was premature because General Medicine has not yet had the opportunity to challenge the factual findings of the ALJ that were adverse to General Medicine.  Second, General Medicine seeks a Certificate of Appealability so that it can file an interlocutory appeal of the Court's denial of its motion for summary judgment (the

"COA Moton").  For the reasons explained below the Motion for Reconsideration is **GRANTED** and the COA Motion is **DENIED**.

**I**

**A**

The Court begins with General Medicine's Motion for Reconsideration.  In that motion, General Medicine explains that when a party seeks judicial review of an agency's administrative ruling, such review consists of two components: "(1) determining whether the [agency's] decision was supported by substantial evidence and (2) determining whether proper legal standards were employed." (Mot. for Reconsideration, ECF No. 25, PageID.13720, citing *Gen. Med., P.C. v. Azar*, 963 F.3d 516, 520 (6th Cir. 2020).)  Here, General Medicine contends that the ALJ's ruling was both not supported by substantial evidence and did not employ the proper legal standards.  And General Medicine says that before the parties filed their initial cross-motions for summary judgment, the parties and the Court agreed that this action would proceed in a bifurcated fashion: the parties would first file motions related to whether the ALJ employed proper legal standards, and then, if necessary, General Medicine would file a second motion challenging the ALJ's factual findings.  Consistent with that understanding, the parties' cross-motions for summary judgment did not address whether the ALJ's ruling was supported by substantial evidence or whether the ALJ made any factual errors in his ruling; instead

3

the motions addressed only whether the ALJ made any legal errors.  Thus, General Medicine insists, because it has not yet had the opportunity to argue that the ALJ's decision was not supported by substantial evidence, entry of judgment was premature.  The Court agrees.

The Court's review of the procedural history of this case confirms that its entry of judgment was in error.  On March 27, 2025, the Court issued a Stipulated Scheduling and Case Management Order in which it directed General Medicine to file a "Summary Judgment *as to Legal Issues*." (Order, ECF No. 10, PageID.210; emphasis added.)  It then informed the parties that it would hold a status conference following its ruling on that motion to discuss next steps in the litigation. (*See id.*)  In other words, the Court plainly contemplated that there could be additional proceedings following its ruling on the parties' summary judgment motions.  Finally, as noted above, the parties then proceeded to file cross-motions for summary judgment that addressed only whether the ALJ made any legal errors in his ruling.  Thus, because General Medicine has not yet had the opportunity to challenge the ALJ's factual determinations, entry of final judgment was premature and in error.[1]

---

[1] Notably, the Secretary does not oppose General Medicine's Motion for Reconsideration: "The Secretary does not oppose General Medicine's motion for reconsideration to the extent that it seeks to reopen the case for substantive review of the ALJ's factual determinations under a substantial evidence standard. The parties contemplated such a bifurcated structure in the proposed case management plan, which was adopted and entered by the Court." (Resp., ECF No. 29, PageID.13808.)

General Medicine's Motion for Reconsideration is therefore **GRANTED**. The Court's February 17, 2026, judgment is hereby **VACATED**, and the Court will reinstate this matter to its active docket.

**B**

The Court next turns to the COA Motion.  In the COA Motion, General Medicine asks the Court to issue it a Certificate of Appealability pursuant to 28 U.S.C. § 1292(b) so that it can seek interlocutory review of the Court's denial of its summary judgment motion and the Court's granting of the Secretary's motion. (*See* COA Mot., ECF No. 26.)  The Court has carefully reviewed the COA Motion and denies it.

Section 1292(b) establishes the criteria that must be satisfied before a party may take an interlocutory appeal in a civil action.  It provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that [1] such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original). The party seeking permission for an interlocutory appeal bears the burden of showing that each of these listed requirements are satisfied, *see Vitols v. Citizens Banking Co.*, 984 F2d. 168, 170 (6th Cir. 1993), and a district court may not certify an order for review under Section 1292(b) unless it "expressly find[s] that *all* three" of the "requirements are met." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (emphasis added); *see also Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) ("Unless all these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b).").

The United States Court of Appeals for the Sixth Circuit has emphasized that "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In Re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). As that court has explained:

> It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.

*Kraus v. Bd. of Cty. Rd. Comm'rs for Kent Cty.*, 364 F.2d 919, 922 (6th Cir. 1966) (quoting *Milbert v. Bison Laboratories*, 260 F.2d 431, 433 (3d Cir. 1958)).

The Court declines to certify an interlocutory appeal here because General Medicine has not shown that such an appeal would "materially advance the ultimate

6

termination of the litigation." As explained above, the parties have litigated only one aspect of General Medicine's challenge to the ALJ's ruling (*i.e.*, whether ALJ employed proper legal standards). The remaining portion of General Medicine's challenge – its contention that the ALJ's factual findings were not supported by substantial evidence – appears to present relatively straightforward issues that the Court can resolve in an expeditious manner. The Court therefore concludes that the most efficient path forward for this litigation is to promptly resolve the challenge to the ALJ's factual determinations and to then permit a single appeal to the Sixth Circuit in which the parties may raise, in a single appeal, any claims of error by this Court. The Court is persuaded that proceeding in this fashion presents the lowest risk of the need for more than one appeal to the Sixth Circuit. For all of these reasons, the Court declines to certify this matter for an interlocutory appeal.

## II

For all of the reasons explained above, General Medicine's Motion for Reconsideration (ECF No. 25) is **GRANTED,** the Court's February 17, 2026, Judgment (ECF No. 23) is **VACATED,** and General Medicine's Motion for a Certificate Appealability (ECF No. 26) is **DENIED**.

The Court will now schedule a status conference with counsel to set a briefing schedule for motion practice related to the ALJ's factual determinations.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 21, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 21, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

8